IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

ROGER D. MITCHELL,

      Plaintiff,

v.                      Case No. 2:08-cv-01244

MRS. JILL PEREZ,
MRS. REBECCA CORNETT,
MR. GEORGE J. COSENZA,
MR. THOMAS EVANS,
JANE DOE, and
JOHN DOE,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

On October 27, 2008, Plaintiff filed a Complaint (docket # 2) against the named defendants, and applied to proceed without prepayment of fees and costs (# 1). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915, the court must screen each case in which a prisoner seeks to proceed *in forma pauperis* (without prepayment of fees and costs). Pursuant to § 1915(e), the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief

can be granted.  A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory.  <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992).  A "frivolous" claim lacks "an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  A complaint should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff,  the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp v. Twombly</u>, 127 S. Ct. 1955, 1968-69 (2007).  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." <u>Id.</u> at 1964-65.  <u>Pro se</u> complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.

## PLAINTIFF'S CLAIMS AND REQUESTS FOR RELIEF

Plaintiff is a prisoner at Mount Olive Correctional Complex, serving a lengthy sentence for multiple convictions of child sexual abuse by a parent (two counts with injury). <u>State v. Mitchell</u>, No. 02-F-22 (Jackson Co. October 2, 2003).  Plaintiff's complaint alleges as follows:

> The official court record proves that the 5th Circuit Court Judge Mr. T.C. Evans, along with trial defense attorney, Mr. G. J. Cosenza, were each aware that the then Jackson Co. prosecutor, Mrs. R. Cornett, was

knowingly prosecuting what was known to be a illegal and
faulty indictment.   And this judge and attorney did
nothing to change, correct, or stop these known of felony
crimes that had been committed against me by the State.
The record proves that Judge Evans and attorney G. J.
Cosenza each knew as did the prosecutor that the new
indictment had wrongfully charged crimes, and sex acts
that the teenagers had not even accused me of, and they
had also directly told I did not commit.   The record
proves beyond any doubt that Judge Evans and Attorney
Cosenza were well aware that prosecutor Cornett had her
witness to the grand jury, Mrs. Jill Perez, knowingly
commit acts of felony perjury to the grand jury to
conceal, or justify the wrongful charging counts in the
illegal and faulty indictment.   The United States
Constitutional 6th Amendment right of competent and
effective defense counsel, as well as my 14th Amendment
right to due process of the law has without doubt been
knowingly violated many, many times by these four.

(Complaint, # 2, at 4-5.)   The relief requested reads:

This can be proven beyond and without any doubt
whatsoever that a handful of high ranking justice
officials in Jackson Co., West Virginia has banded
together behind closed doors and put together a kidnaping
plot.   Then together worked hand in hand using the
respect and trust their job titles brings them, along
with their knowledge.   Made all of this look somewhat
like a legal prosecution to those who know no better!
What the law requires when the record proves this kind of
thing has been done!

Id., at 5.

## ANALYSIS

The undersigned has interpreted this document as alleging

that Plaintiff's Federal constitutional rights were violated in the

course of his prosecution.   The court is unable to determine with

confidence whether he is seeking money damages or release from

custody.

If Plaintiff is asserting that he is entitled to money damages

3

because he was wrongfully convicted, such an allegation fails to state a claim upon which relief can be granted. Unless and until a plaintiff proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, or declared invalid, he cannot bring an action for violation of his civil rights. See Heck v. Humphrey, 512 U.S. 477 (1994)(§ 1983 plaintiff must prove that conviction or sentence has been reversed, expunged, or declared invalid in order to recover damages for unconstitutional imprisonment). Plaintiff has not met this threshold standard.

If Plaintiff is claiming that he should be released from custody because of alleged violations of his Federal constitutional rights, then he must first exhaust his State remedies and then file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Section 2254 of Title 28 provides, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> > (A) the applicant has exhausted the remedies available in the courts of the State . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v.

4

Evatt, 105 F.3d 907, 911 (4th Cir. 1997).  Where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed.  McDaniel v. Holland, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing Preiser v. Rodriquez, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV.  Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); McDaniel v. Holland, 631 F. Supp. at 1545.  A prisoner may also exhaust the State court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV.  However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's State court remedies.  See Moore, 879 F. Supp. at 593; McDaniel, 631 F. Supp. at 1546; see also, Meadows v. Legursky, 904 F.2d 903, 908-909 (4th Cir. 1990)(abrogated on other grounds, Trest v. Cain, 522 U.S. 87 (1997)).  An additional hurdle is the applicable statute of limitations set forth in 28 U.S.C. § 2244(d).

For all these reasons, the undersigned proposes that the

presiding District Judge **FIND** that this case fails to state a claim upon which relief can be granted, or is premature.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Application to Proceed without prepayment of costs and fees (# 1) and **DISMISS** this civil action without prejudice.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United

States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

   November 13, 2008                       Mary E. Stanley
          Date                         Mary E. Stanley
                                 United States Magistrate Judge

7